**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **Case No. 3:24-cv-00107-KGB**

**ANDREW GAMBER** **DEFENDANT**

# ORDER

Before the Court is plaintiff United States of America's ("USA") motion to alter or amend final judgment (Dkt. No. 11). No response to the motion has been filed, and the time to respond has passed. For good cause shown, the Court grants the motion (*Id.*).

On September 16, 2025, the Court entered a Judgment in this case, granting judgment against defendant Andrew Gamber in the amount of $3,475,727.04—representing the amounts owed by Gamber for unpaid federal income taxes and penalties for unpaid Federal Insurance Contributions Act taxes through September 15, 2024—plus statutory additions, including interest, accruing after September 15, 2024, less any payments and credits made against the liabilities, until the judgment is paid in full (Dkt. No. 10). The Court further stated that "[i]nterest shall be computed daily to the date of payment at a rate of 3.75 percent and compounded annually," citing to 28 U.S.C. § 1961. (*Id.*).

On September 19, 2025, USA filed the present motion (Dkt. No. 11). USA requests that the Court amend its Judgment pursuant to Federal Rule of Civil Procedure 59(e) because the annual interest rate set forth in 28 U.S.C. § 1961 does not apply to this case (*Id.*, at 1).

The Court agrees that 28 U.S.C. § 1961 does not apply to this case. Section 1961 provides for interest on money judgments in civil cases recovered in federal district courts, but the section does "not apply in any judgment of any court with respect to any internal revenue tax." 28 U.S.C.

§ 1961(c)(1). Rather, "[i]nterest shall be allowed in such cases at the underpayment rate or overpayment rate (whichever is appropriate) established under section 6621 of the Internal Revenue Code of 1986." 28 U.S.C. § 1961(c)(1).

In this case, the Court's Order and Judgment concern Gamber's underpayment of federal income taxes and trust fund penalties (Dkt. Nos. 8; 10). Therefore, the applicable interest rate is set forth in 26 U.S.C. § 6621(a)(2), which states that "[t]he underpayment rate established under this section shall be the sum of—(A) the Federal short-term rate determined under subsection (b), plus (B) 3 percentage points." 26 U.S.C. § 6621(a)(2). Subsection (b) of Section 6621 defines the "Federal short-term rate" and indicates that it is determined on a quarterly basis by the Secretary of Treasury. 26 U.S.C. § 6621(b)(1). Section 6622 states that interest is compounded daily—rather than annually—in tax cases. 26 U.S.C. § 6622(a).

Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment" within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 507 (2020) (quoting *White v. New Hampshire Dep't of Employment Sec*., 455 U.S. 445, 450 (1982)). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and th[e] [appeals] court will not reverse absent a clear abuse of discretion." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

For good cause shown, the Court the Court grants USA's motion to alter or amend final judgment. An Amended Judgment will be entered accordingly.

It is so ordered this the 4th day of September, 2026.

Kristine G. Baker
Chief United States District Judge